UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIAM BLAKLEY on behalf of himself and those similarly situated, HELEN BLAKLEY on behalf of herself and those similarly situated, and KIMBERLY SMITH on behalf of herself and those similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> CELADON GROUP, INC., CELADON TRUCKING SERVICES, INC., QUALITY COMPANIES, LLC, QUALITY EQUIPMENT LEASING, LLC, and JOHN DOES 1-10, <br><br> Defendants. | No. 1:16-cv-00351-LJM-TAB |

## ORDER ON MOTION TO DISMISS COUNTERCLAIM

This matter pends on the Plaintiffs' William Blakley, Helen Blakely and Kimberly Smith, on behalf of themselves and all others similarly situated (collectively, "Plaintiffs'"), Motion to Dismiss Defendant Celadon Trucking Service's ("CTS") Counterclaim. Dkt. No. 26. The controversy put before the Court by the filing of this case is whether or not the Plaintiff truck drivers are independent contractors or CTS' employees. CTS' Counterclaim seeks to enforce an indemnity clause in its contract with drivers, the same contract that purports to identify drivers as independent contractors. Specifically, CTS claims that if Plaintiffs fail to prevail and are deemed independent contractors, CTS is entitled to reimbursement for costs and expenses including attorney fees under the indemnity clause.

For the reasons stated herein, the Court **GRANTS** Plaintiffs' Motion to Dismiss.

## I. MOTION TO DISMISS STANDARD

Under 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"), the Court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of Plaintiff. *See Esekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). Documents central to the Complaint and referred to in it as well as information that is properly the subject of judicial notice may also be considered. *See Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013) (citing *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012) (further citation omitted)).

Under the Supreme Court's directive in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), to survive Defendant's motions to dismiss for failure to state a claim upon which relief may be granted, Plaintiff must provide the grounds for his entitlement to relief with more than labels, conclusions or a formulaic recitation of the elements of a cause of action. *Id.* at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The "allegations must be enough to raise a right to relief above the speculative level." *Id.* The touchstone is whether the Complaint gives the Defendant "fair notice of what the … claim is and the grounds upon which it rests." *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Legal conclusions or conclusory allegations are insufficient to state a claim for relief. *McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011).

## II. DISCUSSION

Plaintiffs urge that the indemnity clause in unenforceable under Indiana statutory law, and even when indemnification clauses are allowed they are to be strictly construed and will not be enforced unless indemnity is expressed in clear and unequivocal terms.

Plaintiffs cite Indiana Code § 8-2.1-26, *et seq.*, for authority on the first of their two propositions. Plaintiffs also urge that the indemnity clause simply does not apply under the facts and allegations of this case. The Court addresses this argument first as it is dispositive of the Motion.

The indemnity clause in question provides that the contractor (driver, driver's employee or agent) agrees to indemnify and hold harmless Carrier (CTS) from costs arising from or related to any claim, suit, action or audit brought by Contractor (driver) arising out of the provision of services by Contractor (driver). The salient question then becomes: Does the indemnity clause apply to a suit alleging that even though the contract signed by the parties identifies the drivers as independent contractors, the driver/carrier relationship in reality is that of employer/employee?

The clause purports to indemnify the carrier for any suit "arising out of the provision of services by the driver." This suit is not about the driver providing services; that is, in the sense of whether the services provided are being provided pursuant to the contract or the quality or competency of those services. Rather, this case is about the appropriate legal nomenclature for individuals providing the services. As indicated, the question is whether the contractually described services are those of an employee or those of an independent contractor.

To be sure, there will be consequences to bear for each of the parties depending upon whether Plaintiffs are found to be employees or independent contractors. Still, in all, the case is not about the provision or the providing of services. If the suit does not involve the provision of those contractually defined services, then the indemnity clause

does not apply and the parties are in the usual legal fee situation and CTS does not have the right to reimbursement of attorney fees merely because it prevails.

The Motion to Dismiss the Counterclaim is, therefore, **GRANTED**.

IT IS SO ORDERED this 18th day of August, 2016.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Braden Kenneth Core
SCOPELITIS GARVIN LIGHT HANSON & FEARY PC
bcore@scopelitis.com

Christopher J. Eckhart
SCOPELITIS GARVIN LIGHT HANSON & FEARY PC
ceckhart@scopelitis.com

Gregory M. Feary
SCOPELITIS GARVIN LIGHT HANSON & FEARY PC
gfeary@scopelitis.com

Kathryne Sandra Feary-Gardner
SCOPELITIS GARVIN LIGHT HANSON & FEARY PC
kfeary-gardner@scopelitis.com

Justin L Swidler
SWARTZ SWIDLER
jswidler@swartz-legal.com

Matthew D. Miller
SWARTZ SWIDLER
mmiller@swartz-legal.com

Richard S. Swartz
SWARTZ SWIDLER LLC
rswartz@swartz-legal.com