UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WILLIAM  BLAKLEY on behalf of himself and those similarly situated, HELEN  BLAKLEY on behalf of herself and those similarly situated, and KIMBERLY  SMITH on behalf of herself and those similarly situated, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. 1:16-cv-00351-LJM-TAB |
| CELADON GROUP, INC., CELADON TRUCKING SERVICES, INC., QUALITY COMPANIES, LLC, QUALITY EQUIPMENT LEASING, LLC, and JOHN  DOES 1-10, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER ON MOTION TO FILE AMENDED COMPLAINT *NUNC PRO TUNC*

This matter comes before the Court on Plaintiffs', William Blakely, Helen Blakely, and Kimberly Smith, on behalf of themselves and all other similarly situated (collectively, "Plaintiffs'"), Motion to File Amended Complaint *Nunc Pro Tunc*, or in the Alternative, Extend the Time to Respond to Defendants' Motion to Dismiss (the "Motion to Amend"). Dkt. No. 62.  In their Motion to Amend, Plaintiffs request that the Court consider its Third Amended Complaint or, in the alternative, grant Plaintiffs a seven-day extension to respond to the Motion to Dismiss filed by Defendants, Celadon Group, Inc., Celadon Trucking Services, Inc., Quality Companies, Inc., and Quality Equipment Leasing, Inc. (collectively, "Celadon").  *Id.*

## I.  BACKGROUND & ARGUMENTS

Plaintiffs initiated this action on February 12, 2016, by filing its original Complaint against Celadon.  Dkt. No. 1.  On April 13, 2016, Plaintiffs filed their First Amended Complaint, Dkt. No. 21, and Celadon answered the First Amended Complaint on May 2, 2016.  Dkt. No. 24.  In response to the Court's December 2, 2016 Order dismissing Counts IV, V, and VI of Plaintiffs' First Amended Complaint without prejudice, Dkt. No. 50, Plaintiffs filed their Second Amended Complaint on December 15, 2016.  Dkt. No. 52.

The Amended Case Management Plan approved on July 6, 2016, bifurcated discovery in this action to allow the parties to conduct pre-certification discovery to inform Plaintiffs' anticipated motion for conditional and class certification.  Dkt. No. 36 at 7.  The Amended Case Management Plan set the pre-certification discovery deadline for December 19, 2016, *Id.*, but on December 21, 2016, the Court granted the parties' Joint Motion to Extend the pre-certification discovery deadline to March 6, 2017.  Dkt. No. 56. To date, the parties have conducted extensive pre-certification discovery, including depositions of each of the named plaintiffs and several Celadon employees, as well as substantial written discovery.  Dkt. No. 63 at 5, Ex. A.

On January 12, 2017, Celadon filed its Motion to Dismiss Counts IV, V, and VI of Plaintiffs' Second Amended Complaint, pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6) (the "Motion to Dismiss").  Dkt. No. 59.  On January 25, 2017, one day before the deadline to respond to Celadon's Motion to Dismiss, Plaintiffs filed their Third Amended Complaint.  Dkt. No. 61.  In their Third Amended Complaint, Plaintiffs seek to name Element Financial Corporation ("Element") as a defendant and to assert a claim of civil conspiracy against all defendants.  *Id.*  Although the Court informed Plaintiffs on

2

January 26, 2017, that they would need to seek leave of the Court to amend their complaint, Plaintiffs believed that they could file their Third Amended Complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15 ("Rule 15"), after Celadon filed its Motion to Dismiss. *See* Dkt. No. 63, Ex. A-1.

Plaintiffs filed their Motion to Amend on January 30, 2017, in which they argue that they could amend their pleading as a matter of course following Celadon's Motion to Dismiss under Rule 15, but seek leave of the Court to amend "out of an abundance of caution." Dkt. No. 62, ¶¶ 7-8. Plaintiffs further assert that their Third Amended Complaint is necessary because Plaintiffs only learned about the extent of Element's involvement in relation to the claims at issue in this action through pre-certification discovery efforts and indicate that their new allegations "do not make changes to the factual pleadings challenged in [the] Motion to Dismiss." *Id.* at ¶¶ 12-14. If the Court were to deny them leave to amend their pleading, Plaintiffs alternatively request that the Court grant them an extension of seven days to file their response to Celadon's Motion to Dismiss. *Id.* at 3.

In response to Plaintiffs' Motion to Amend, Celadon argues that Plaintiffs should not be given leave to amend their pleading because allowing such an amendment would (1) unduly delay this litigation, (2) unduly prejudice the defendants in this action, (3) fail to cure the deficiencies in Plaintiffs' Second Amended Complaint, and (4) be futile. Dkt. No. 63 at 5-10. Celadon also contends that Plaintiffs should not receive an extension of time to respond to its Motion to Dismiss because Plaintiffs could have responded to the Motion to Dismiss within the permissible time period while simultaneously filing its Third Amended Complaint since, as Plaintiffs concede, the Third Amended Complaint did not address the allegations challenged in the Motion to Dismiss. *Id.* at 10. Furthermore,

Celadon asserts that Plaintiffs' misinterpretation of Rule 15 does not meet the standard of "excusable neglect" to justify granting an extension of time after the deadline for a response has expired. *Id.* at 10-11.

## II. **DISCUSSION**

### A. **LEAVE TO AMEND**

Under Rule 15(a)(1), "[a] party may amend its pleading once as a matter of course" within (1) twenty-one days of serving the pleading, (2) twenty-one days after service of a responsive pleading, or (3)  twenty-one days "after service of a motion under Rule 12(b), (e), or (f)."  In all other instances, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).

While Plaintiffs rely on Rule 15 to contend that their Third Amended Complaint could be filed as a matter of course, Plaintiffs "effectively used up" their right to amend their pleading as a matter of course by amending their complaint for the first time on April 13, 2016, and "[a]ny further amendment required leave of the court."  *Perkins v. Silverstein*, 939 F.3d 463, 471 (7th Cir. 1991).  *See also, Rodgers v. Lincoln Towing Serv., Inc.*, 771 F.2d 194, 203 (7th Cir. 1985) ("[A] party has a right to amend his pleading 'once as a matter of course at any time before a responsive pleading is served,' and Rodgers has already amended his complaint once.") (internal citations omitted); *Davis v. Anderson*, No. 2:16-CV-120-PPS-PRC, 2016 WL 5724470 at *1 (N.D. Ind. Sept. 30, 2016) ("Though [p]laintiffs had the right to amend their pleading once as a matter of course, they have already amended their pleading once, so that right has been

extinguished."). Therefore, in order for Plaintiffs to amend their pleading, or for the Court

to consider Plaintiffs' Third Amended Complaint, Plaintiffs must obtain leave of the Court.

Although Rule 15 requires that leave to amend a pleading be freely given as justice

requires, the Court has "'broad discretion to deny leave to amend where there is undue

delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to

the defendants, or where the amendment would be futile.'" *Hueck v. Aurora Loan Servs.*,

588 F.3d 420, 432 (7th Cir. 2009) (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th

Cir. 2008)). Delay alone may be insufficient to deny leave to amend; the degree of

prejudice to an opposing party is typically considered a more significant factor when

determining whether denial of leave is justified. *See Dubicz v. Commonwealth Edison

Co.*, 377 F.3d 787, 792-93 (7th Cir. 2004) (quoting *Park v. City of Chicago*, 297 F.3d 606,

612 (7th Cir. 2002)).

Plaintiffs' request for leave to amend is seemingly guided by a dilatory motive and

would create an undue delay in this litigation. Although Plaintiffs argue that they did not

understand the significance of Element's role in connection to the misconduct alleged in

this action as it relates to the putative class, Dkt. No. 65 at 2, Plaintiffs noted in their Third

Amended Complaint that each of the named plaintiffs entered into agreements with

Element in 2015. Dkt. No. 61, ¶¶ 45-49. Specifically, the Third Amended Complaint

alleges that all three named plaintiffs entered into agreements with Element in 2015 that

required them to restrict their use of leased vehicles solely to use for Celadon. *Id.* at ¶¶

45-46, 48. William Blakely and Kimberly Smith also entered into agreements with

Element in 2015, in which they assigned certain amounts of their earnings to Element to

pay for tools necessary to perform their jobs. *Id.* at ¶¶ 47, 49. Based on these

agreements between the named plaintiffs and Element, Plaintiffs have been on notice that Element could be a proper defendant in this action since its inception.   Plaintiffs further admit that each of their prior complaints included the factual allegations giving rise to their new claim of civil conspiracy.   Dkt. No. 65 at 7.

Because Plaintiffs were on notice of Element's involvement with the claims in this action, and because Plaintiffs alleged the facts necessary that support their new civil conspiracy claim in each of their prior complaints, there is no reason why Plaintiffs could not have included these new aspects of their Third Amended Complaint in an earlier pleading.   Plaintiffs seemingly only assert these new allegations now in an attempt to render Celadon's Motion to Dismiss moot.   *See id.* at 12 (arguing that filing an amended complaint "moots any pending motion to dismiss a previous complaint").   Furthermore, allowing Plaintiffs to amend their pleading to make allegations that could have been made in Plaintiffs' initial Complaint at the close of the designated pre-certification discovery period would unduly delay the adjudication of this action.

Celadon and Element would also be unduly prejudiced if the Court were to allow Plaintiffs to amend their pleading.   If the Court granted Plaintiffs leave to amend to allow them to name Element as a new defendant at this time, Element would likely be unable to participate in any pre-certification discovery prior to the March 6, 2017, deadline, despite being potentially liable to the putative class.   This would be especially prejudicial to Element because, as stated above, Plaintiffs were on notice of Element's role in this action and could have named Element as a defendant at the beginning of this litigation. Celadon would also be prejudiced if the Court were to grant Plaintiffs leave to amend now because Celadon, which has been conducting extensive pre-certification discovery, likely

would have conducted pre-certification discovery relating to this civil conspiracy claim as well if it had known Plaintiffs would assert such a claim.  However, because Plaintiffs seek leave to amend so close to the March 6, 2017, pre-certification discovery deadline, Celadon would likely be precluded from conducting any pre-certification discovery in relation to Plaintiffs' new claim of civil conspiracy.

Celadon further argues that Plaintiffs' new claim for civil conspiracy is futile because Indiana law does not recognize such claims.  Dkt. No. 63 at 9-10.  A civil conspiracy under Indiana law is defined as "a combination of two or more persons who engage in a concerted action to accomplish an unlawful purpose or to accomplish some lawful purpose by unlawful means."  *Birge v. Town of Linden*, 57 N.E.3d 839, 845 (Ind. 2016) (internal quotations omitted).  While it is true that Indiana law does not recognize civil conspiracy as an independent cause of action, a plaintiff may be entitled to damages as a result of a civil conspiracy.  *See Best Chair Inc. v. Factory Direct Wholesale, LLC*, 121 F. Supp. 3d 828, 839 (S.D. Ind. 2015).  Although Indiana law clearly permits recovery of damages resulting from a civil conspiracy when a plaintiff asserts an underlying tort, *see Birge*, 57 N.E.3d at 846, it is not clear whether Indiana law would allow a plaintiff to recover damages for a civil conspiracy to violate statutory rights, like those at issue in this case.  The Court need not decide whether the Plaintiffs' claim of civil conspiracy is futile in this instance, however, because the Court denies Plaintiffs leave to amend based on dilatory motive, undue delay, and undue prejudice.

## B.  EXTENSION OF TIME TO RESPOND TO MOTION TO DISMISS

In their Motion to Amend, Plaintiffs alternatively request that the Court grant them an extension of seven days in which to file their response to Celadon's Motion to Dismiss.

Dkt. No. 62 at 3. A court may grant an extension of time, for good cause, to a party after the deadline for action has passed "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(2). A court will consider "'all relevant circumstances surrounding the party's omission'" when determining whether excusable neglect exists, including "the danger of prejudice, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant had acted in good faith." *Lewis v. School Dist. #70*, 523 F.3d 730, 740 (7th Cir. 2008).

While "[t]he excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules," a plausible misinterpretation of a federal rule can justify finding excusable neglect. *Prizevoits v. Ind. Bell Tel. Co.*, 76 F.3d 132, 133-34 (7th Cir. 1996) (internal quotations omitted). *See also*, *Lewis*, 523 F.3d at 740; *Robb v. Norfolk & W. R. R. Co.*, 122 F.3d 354, 360-61 (7th Cir. 1997). *Cf. Lorenzen v. Emps. Ret. Plan of the Sperry and Hutchinson Co., Inc.*, 896 F.2d 228, 231-32 (7th Cir. 1990); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 911-12 (7th Cir. 1989). Even if the proper legal interpretation of a particular rule is available, an attorney's misinterpretation of the rule can be considered excusable neglect if the attorney acted in good faith. *See Feeder Line Towing Serv., Inc. v. Toledo, P. & W. R.R. Co.*, 539 F.2d 1107, 1109 (7th Cir. 1976) ("Although the resolution to this apparent conflict [between a statutory provision of law and a rule of court] was within access of counsel, we cannot say that the district court abused its discretion in finding counsel's good faith, though erroneous interpretation of the law 'excusable neglect.'").

Although Seventh Circuit law makes clear that a complaint cannot be amended as a matter of course after the complaint is amended for the first time, *see Perkins*, 939 F.3d

at 471, a party's inability to file subsequent amended pleadings as a matter of course within twenty-one days after an opposing party filed a Rule 12(b) motion is not readily apparent from Rule 15's plain language.  Therefore, Plaintiff's interpretation of Rule 15, which would have permitted them to file their Third Amended Complaint as a matter of course, was arguable and constitutes excusable neglect.  Furthermore, there is no evidence that Plaintiffs acted in bad faith in formulating its interpretation of Rule 15, and it is unlikely that Celadon would prejudiced by the delay in Plaintiffs' response to their Motion to Dismiss.  Because Plaintiffs' misinterpretation of Rule 15 establishes excusable neglect, the Court will grant Plaintiffs a seven-day extension in order to respond to Celadon's Motion to Dismiss.

### III.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' request for leave to file its Third Amended Complaint *nunc pro tunc* and **GRANTS** Plaintiffs an extension of seven days from the date of this Order to file its response to Celadon's Motion to Dismiss.

IT IS SO ORDERED this 2d day of March, 2017.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana


Distribution attached.

9

Distribution:

Adam C. Smedstad
SCOPELITIS GARVIN LIGHT HANSEN & FEARY P.C.
asmedstad@scopelitis.com

Christopher C. Heery
SCOPELITIS GARVIN LIGHT HANSON & FEARY P.C.
cheery@scopelitis.com

Adam Eakman
SCOPELITIS GARVIN LIGHT HANSON & FEARY PC
aeakman@scopelitis.com

Braden Kenneth Core
SCOPELITIS GARVIN LIGHT HANSON & FEARY PC
bcore@scopelitis.com

Christopher J. Eckhart
SCOPELITIS GARVIN LIGHT HANSON & FEARY PC
ceckhart@scopelitis.com

Gregory M. Feary
SCOPELITIS GARVIN LIGHT HANSON & FEARY PC
gfeary@scopelitis.com

Justin L Swidler
SWARTZ SWIDLER
jswidler@swartz-legal.com

Matthew D. Miller
SWARTZ SWIDLER
mmiller@swartz-legal.com

Richard S. Swartz
SWARTZ SWIDLER LLC
rswartz@swartz-legal.com

Joshua Samuel Boyette
SWARTZ SWIDLER, LLC
jboyette@swartz-legal.com